ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| **JOSÉ OSCAR HERNÁNDEZ CRESPO, YEISHA MARGARITA MORALES FERRER, AMBOS POR SÍ Y EN REPRESENTACIÓN DE SUS HIJOS MENORES DE EDAD RAHM Y ROHM** <br><br> Recurridos <br><br> v. <br><br> **ENRIQUE ALEJANDRO FIGUEROA** <br><br> Peticionario | KLCE202401367 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón** <br><br> Caso Número: **BY2023CV02095** <br><br> Sobre: Incumplimiento de contrato y daños |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2025.

Comparece ante nosotros Enrique Alejandro Figueroa (señor Alejandro Figueroa o peticionario) y solicita que revoquemos la *Resolución Interlocutoria* del Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), emitida el 21 de noviembre de 2024. Mediante la misma, el TPI denegó la solicitud de desestimación que instó el peticionario.

Por los fundamentos que expresamos a continuación, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido.

### I.

Según surge del expediente, el caso de autos se originó el 21 de abril de 2023, con la presentación de una *Demanda* sobre incumplimiento de contrato y daños y perjuicios por el señor José Oscar Hernández Crespo y la señora Yeisha Margarita Morales Ferrer, por sí y en representación de sus hijos menores de edad,

Número Identificador:

SEN2025_____

RAHM y ROHM (matrimonio Hernández Morales o parte recurrida), en contra del señor Alejandro Figueroa.

Los emplazamientos fueron expedidos el 2 de mayo de 2023. El 10 de agosto de 2023, el matrimonio Hernández Morales solicitó emplazar al señor Alejandro Figueroa por edicto y acompañó con dicha solicitud una declaración jurada del emplazador Pedro Acevedo. Dicho emplazamiento por edicto fue autorizado por el foro de instancia el 11 de agosto de 2023.

Tras múltiples incidencias procesales relacionadas al proceso de emplazamiento, el 23 de octubre de 2023, el señor Alejandro Figueroa incoó el recurso KLCE202301170 ante este Foro intermedio. El 2 de noviembre de 2023, este Tribunal desestimó el recurso de *certiorari* por falta de jurisdicción. En desacuerdo, el señor Alejandro Figueroa acudió al Tribunal Supremo de Puerto Rico (CC-2023-0796). El 27 de febrero de 2024, dicho Foro dictó *Sentencia (Regla 50)*, por medio de la cual expidió el auto solicitado y revocó la *Resolución* emitida el 2 de noviembre de 2023 por el Tribunal de Apelaciones. Así, evaluado en los méritos el recurso, este Foro intermedio dictó *Sentencia* el 29 de abril de 2024. En su pronunciamiento, expidió el auto de *certiorari,* revocó el dictamen recurrido, dejó sin efecto la Orden que autorizaba emplazar al señor Alejandro Figueroa por edicto y devolvió el asunto al TPI para la continuación de los procedimientos. Específicamente, expresó que las diligencias que el emplazador declaró bajo juramento haber efectuado eran insuficientes para justificar un emplazamiento por edicto. De ahí el matrimonio Hernández Morales recurrió al Tribunal Supremo de Puerto Rico mediante una petición de *certiorari* CC-2024-0329; foro que denegó el recurso en una *Resolución* dictada el 21 de junio de 2024 y notificada el 27 de junio de 2024.

Con el anterior cuadro fáctico, el 29 de julio de 2024, el matrimonio Hernández Morales presentó una *Solicitud de*

*Emplazamiento por Edictos.* Expuso que previamente el Tribunal de Apelaciones revocó la determinación del foro de instancia para emplazar por edictos y ordenó la continuación de los procedimientos. Alegó que, al ser interrumpido el término para emplazar, comenzó a decursar un nuevo término de 120 días para emplazar personalmente al señor Alejandro Figueroa desde que se agotaron los remedios para recurrir de la *Sentencia* del Tribunal de Apelaciones revocando la determinación del TPI. Añadió que proveyó al emplazador la dirección del señor Alejandro Figueroa, pero, a pesar de agotar todos los recursos a su disposición, no pudo localizarlo, porque este se escondía voluntariamente para evitar ser emplazado. Precisó que cumplió con todos los requerimientos legales aplicables para que se autorizara el emplazamiento mediante la publicación de un edicto.[1]

El 30 de julio de 2024, el señor Alejandro Figueroa, sin someterse a la jurisdicción del Tribunal, instó una *Moción en Oposición; en Solicitud de Desestimación con Perjuicio; y en Solicitud de Honorarios de Abogado por Frivolidad.* Arguyó que la *Sentencia* de este Foro intermedio dictada el 29 de abril de 2024 no pudo tener el efecto de activar un nuevo término de 120 días para concretar el emplazamiento por edicto de conformidad con *Bernier González v. Rodríguez Becerra,* infra, y *Sánchez Ruiz v. Higuera Pérez,* infra. Argumentó que la antedicha jurisprudencia no procedía en el caso de autos. Asimismo, expresó que la aludida *Sentencia* del Tribunal de Apelaciones no permitía dicho proceder, por lo que, en síntesis, adujo lo siguiente:

> [T]oda vez que la solicitud de autorización para emplazar por edicto de 11 de agosto de 2023 fue declarada nula, y tomando en consideración todo lo expresado en el presente escrito, incluyendo los fundamentos en derecho aplicables según dispuesto en la Sentencia del Tribunal de Apelaciones, es forzoso

---

[1] Junto a su petición anejó una declaración jurada del emplazador Pedro Acevedo con las gestiones realizadas para intentar diligenciar personalmente el emplazamiento.

concluir que este Honorable Foro debe desestimar la presente causa de acción con perjuicio de conformidad con la Regla 4.3 de Procedimiento Civil.

A lo anterior, el matrimonio Hernández Morales refutó que no era correcta la alegación del señor Alejandro Figueroa en cuanto a que el término para diligenciar el emplazamiento venció el 30 de agosto de 2023. Manifestó que el estado vigente de derecho establece que, al autorizar el emplazamiento por edictos, comienza a decursar un nuevo término. Añadió que, si bien era cierto que la *Sentencia* del Tribunal de Apelaciones revocó la autorización de emplazamiento por edicto de 11 de agosto de 2023, no era menos cierto que el término para emplazar ya había sido interrumpido con la autorización para emplazar por edictos. Precisó que se encontraba impedido de realizar cualquier acción adicional de emplazamiento durante los 20 días que le restaban del término de 120 días mientras permanecía vigente la autorización para emplazar por edictos sujeta a revisión por el Tribunal de Apelaciones. Pormenorizó que, al ser notificada el 16 de julio de 2024 la *Resolución* del Tribunal Supremo que declinó atender los méritos de su solicitud, ésta se convirtió en final y firme el 15 de agosto de 2024. En ese sentido, razonó que, una vez advino final y firme la *Resolución* del Tribunal Supremo, comenzó a transcurrir un nuevo término para emplazar personalmente, pues el original había quedado en suspenso. Arguyó que lo contrario sería penalizarle aun cuando actuó diligentemente conforme las determinaciones del Tribunal. En suma, requirió al foro *a quo* que denegara la solicitud de desestimación del señor Alejandro Figueroa y autorizara el emplazamiento mediante la publicación de edicto.

Así las cosas, el 21 de noviembre de 2024, el TPI dictó el pronunciamiento recurrido, en el cual determinó:

Evaluados los escritos de las partes, no ha lugar a la moción de desestimación. La parte demandante solicitó el 29 de julio de 2024 autorización para emplazar por

edictos con una nueva declaración jurada del emplazador describiendo en detalle las gestiones adicionales realizadas para emplazar personalmente el demandado. Esta solicitud fue posterior a la determinación del Tribunal de Apelaciones mediante la cual había revocado la determinación de Tribunal de Primera Instancia.

Se ordena la continuación de los procedimientos.

En desacuerdo, el señor Alejandro Figueroa instó el recurso de *certiorari* de epígrafe en el cual señala la comisión de los siguientes errores:

PRIMER ERROR: Erró el Tribunal de Primera Instancia al resolver "No Ha Lugar" a la moción de desestimación presentada por el Peticionario a pesar de no haberse emplazado al Peticionario dentro del término de ciento veinte (120) días a partir de la expedición del emplazamiento personal.

SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al resolver "No Ha Lugar" a la moción de desestimación presentada por el Peticionario a pesar de no haberse emplazado al Peticionario dentro del término de ciento veinte (120) días a partir de la expedición del emplazamiento por edicto.

TERCER ERROR: Erró el Tribunal de Primera Instancia al ordenar la continuación de los procedimientos, por el fundamento de que posterior a la determinación del Tribunal de Apelaciones mediante la cual había revocado la determinación de Tribunal de Primera Instancia, los recurridos solicitaron el 29 de julio de 2024 una nueva autorización para emplazar por edictos con una nueva declaración jurada del emplazador describiendo en detalle las gestiones adicionales realizadas para emplazar personalmente el demandado.

CUARTO ERROR: Erró el Tribunal de Primera Instancia al conceder un nuevo término de ciento veinte (120) días para concretar el emplazamiento del señor Enrique Alejandro Figueroa por edicto en una segunda ocasión contrario a lo resuelto por *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), y *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020).

QUINTO ERROR: Erró el Tribunal de Primera Instancia a no desestimar el presente caso a pesar de no haberse emplazado personalmente al Peticionario dentro de los ciento veinte (120) días desde la expedición del emplazamiento personal contrario a lo resuelto por *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), y *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020).

SEXTO ERROR: Erró el Tribunal de Primera Instancia a no desestimar el presente caso a pesar de no haberse emplazado por edicto al Peticionario dentro de los ciento

veinte (120) días desde la expedición del emplazamiento personal contrario a lo resuelto por *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), y *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020).

SÉPTIMO ERROR: Erró el Tribunal de Primera Instancia al no desestimar el presente caso y expedir un segundo emplazamiento por edicto contrario a lo resuelto por *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), y *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982 (2020)

OCTAVO ERROR: Erró el Tribunal de Primera Instancia al hacer caso omiso a la Sentencia y al Mandato del Honorable Tribunal de Apelaciones en el recurso KLCE202301170, de donde expresamente surge que "el foro primario erró en su adjudicación del petitorio desestimatorio al amparo de la Regla 10.2 y 4.6 de las Reglas de Procedimiento Civil, *supra.*"

NOVENO ERROR: Erró el Tribunal de Primera Instancia al no acatar el mandato una vez recibido, y descartar e incumplir lo resuelto por el tribunal apelativo lo que constituye la ley del caso. *Rosso Descartes v. BGF*, 187 DPR 184, 192 (2012); *Estado v. Ocean Park Development Corp.*, 79 DPR 158, 173 (1956).

DÉCIMO ERROR: Erró el Tribunal de Primera Instancia al resolver "No Ha Lugar" a la moción de desestimación presentada por el Peticionario a pesar de no haberse emplazado al Peticionario y haber transcurrido en exceso seiscientos (600) días desde la presentación de la demanda.

UNDÉCIMO ERROR: Erró el Tribunal de Primera Instancia al resolver "No Ha Lugar" a la moción de desestimación y autorizar un segundo emplazamiento por edicto.

Junto al recurso, el señor Alejandro Figueroa presentó una moción en auxilio de jurisdicción, la cual declaramos *No Ha Lugar* mediante *Resolución* emitida el 19 de diciembre de 2024. El 2 de enero de 2025, el matrimonio Hernández Morales instó su *Oposición a Certiorari,* por lo que, con el beneficio de la comparecencia de ambas partes, resolvemos.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et*

*al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García y. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez y. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas y. González*, 149 DPR 859, 866 (1999).

**B.**

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 2024 TSPR 10, resuelto el 7 de febrero de 2024. El emplazamiento es parte esencial del debido proceso de ley, pues tiene como propósito notificarle, de forma sucinta y sencilla, a la parte demandada que existe una reclamación en su contra.

Nuestras Reglas de Procedimiento Civil establecen dos (2) maneras para diligenciar un emplazamiento: de forma personal o

mediante edicto. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020). Es norma reiterada de derecho que el diligenciamiento personal del emplazamiento constituye el método idóneo para adquirir jurisdicción. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994 (2021). Sin embargo, a manera de excepción y en circunstancias específicas, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.6, permite el emplazamiento por edicto. *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 865 (2005). En lo pertinente, la Regla 4.6 de Procedimiento Civil, *supra*, dispone, "que se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, [...] al lugar de su última dirección física o postal conocida". *Caribbean Orthopedics v Medshape et al.*, supra, a la pág. 1009.

Por tanto, cuando la persona a ser emplazada, aunque presente físicamente en Puerto Rico, no pueda ser localizada o se ocultare para no ser emplazada y así se le comprueba al TPI mediante declaración jurada del emplazador donde se expresen las diligencias efectuadas, el magistrado podrá ordenar el emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, *supra*; *Sánchez Ruiz v. Higuera Pérez*, supra, a la pág. 988, citando a *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993). Dicha declaración jurada debe expresar hechos específicos y no meras conclusiones o generalidades. *Sánchez Ruiz v. Higuera Pérez*, supra; *Reyes v. Oriental Fed. Savs. Bank*, supra, a la pág. 25.

En armonía con lo anterior, el Tribunal Supremo de Puerto Rico estableció en *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 651 (2018), que "una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia est[á] obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna". Luego, en *Sánchez Ruiz v.*

*Higueras Pérez et al.,* supra, el Tribunal Supremo de Puerto Rico resolvió que el término para emplazar se restablece cuando el demandante inicialmente solicita emplazar personalmente, pero luego requiere la autorización del tribunal para emplazar mediante edicto. Nuestro Más Alto Foro aclaró que el término de 120 días para emplazar "comienza a transcurrir únicamente en el momento que la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante". *Íd.,* págs. 991-992. Cónsono con lo anterior, en *Pérez Quiles v. Santiago Calderón,* 206 DPR 379 (2021), el Tribunal Supremo de Puerto Rico reiteró que el término de 120 días para diligenciar un emplazamiento comienza a transcurrir desde que el tribunal lo expide.

**III.**

Por su estrecha relación, discutiremos todos los señalamientos de error en conjunto. El peticionario esencialmente arguye que el proceder del TPI en la decisión objetada es incompatible con la *Sentencia* dictada por este Foro en el caso KLCE202301170. Es su contención que, una vez expedido el emplazamiento por edicto el 11 de agosto de 2023, el término para diligenciarlo venció el 9 de diciembre de 2023. Añade que, a tenor con las Reglas del Procedimiento Civil, la parte recurrida tenía 120 días para diligenciar el emplazamiento personal o 120 días para diligenciar el emplazamiento por edicto. Así, detalla que, transcurridos esos 240 días sin haberse diligenciado el emplazamiento por ninguna vía, no existía discreción procesal para otro curso de acción que no fuera la desestimación de la demanda. En esa dirección, puntualiza que, el hecho de que la parte recurrida haya solicitado una segunda autorización para emplazar por edictos con una nueva declaración jurada no altera el resultado final. Razona que la parte recurrida no puede tener un tercer término de

120 días para emplazarlo y el foro de instancia no debió aceptar dicho curso porque estaría creando un término infinito para diligenciar un emplazamiento. En suma, discute que, si no se desestima la demanda, imprimiría de incertidumbre e inestabilidad el proceso que ha tenido que enfrentar.

Por otro lado, la parte recurrida alega que el pronunciamiento impugnado debe sostenerse. Arguye que siempre procedió conforme los términos establecidos en las Reglas de Procedimiento Civil y la jurisprudencia aplicable y que el tiempo para emplazar nunca venció. Recalca que, una vez interrumpido un término, comienza uno nuevo a partir del archivo en autos de la notificación de la determinación del Tribunal. Así, esboza que, una vez interrumpió el término original por la orden de emplazamiento por edictos y habiéndose presentado oportunamente acciones en alzada, por ambas partes, el nuevo término comenzó a correr nuevamente desde que se archivó en autos copia de la *Resolución* del Tribunal Supremo de Puerto Rico el 27 de junio de 2024. Por ello, sostiene que los 120 días para emplazar personalmente al peticionario vencían el 25 de octubre de 2024 y estando vigente el mismo, solicitó oportunamente autorización al TPI para emplazar por edicto el 29 de julio de 2024. Precisa que el peticionario se opuso, lo cual provocó incidentes procesales, pero finalmente el foro *a quo* permitió el emplazamiento por edictos el 22 de noviembre de 2024, fecha con la cual comenzó a decursar un nuevo término de 120 para diligenciarlo. Por último, expresa que el peticionario ha demostrado un "*modus operandi*" consistente en esconderse para no ser emplazado y luego impugnar su emplazamiento por edictos de forma injustificada en un claro abuso del derecho. Lo anterior, para evitar que el caso se ventile en sus méritos, lo cual, a su entender, no debe ser avalado por este Foro desestimando la demanda con perjuicio y despojándolo de su día en corte.

En esta ocasión nos corresponde resolver si incidió en TPI al declarar *No Ha Lugar* el petitorio de desestimación incoado por el peticionario, cimentada en la expiración del término de 120 días para el diligenciamiento del emplazamiento. Analizado detenidamente el expediente, respondemos en la negativa.

Cuando la parte recurrida incoó la solicitud para emplazar por edicto el **29 de julio de 2024** no había expirado el término de 120 días aplicable. Nótese que se instó la demanda el **21 de abril de 2023** y se expidieron los emplazamientos para ser diligenciados el **2 de mayo de 2023**. No obstante, toda vez que las gestiones para emplazar personalmente al peticionario no rindieron frutos, y a solicitud de la parte recurrida presentada **el 10 de agosto de 2023**, es decir, restando 20 días del plazo de 120 días aplicable, el foro de instancia autorizó el emplazamiento por edicto el **11 de agosto de 2023**. Según la normativa aplicable, desde dicha fecha surgió un **nuevo término de 120 días para emplazar**.

Ahora bien, la orden que autorizó el emplazamiento por edicto fue revocada por este Foro, decisión que fue sostenida por el Tribunal Supremo de Puerto Rico y archivada en autos el **27 de junio de 2024**. El mandato del aludido Foro fue emitido el **16 de julio de 2024**.

En este caso, el término de 120 días para emplazar por edictos no se prorrogó, sino que, en la medida en que la causa de acción se encontraba bajo trámites apelativos, evidentemente éste quedó en suspenso. Así, toda vez que la orden para emplazar por edicto fue revocada, mientras no culminaran los trámites en alzada, resulta evidente que la parte recurrida estaba imposibilitada de diligenciarlos. Una vez nuestro Máximo Foro devolvió la jurisdicción al TPI, la parte recurrida actuó oportunamente al presentar una nueva solicitud de emplazamiento por edictos.

Así las cosas, colegimos que actuó correctamente el TPI al denegar la moción de desestimación instada por el peticionario. En consecuencia, con el objetivo de evitar un fracaso a la justicia, confirmamos la *Resolución Interlocutoria* recurrida.

**IV.**

Por los fundamentos anteriormente expuestos, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones